No. 22-11092

_____

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
_____

**IN RE SEALED APPELLANT,**
**Plaintiff-Appellant**
_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
_____

**RECORD EXCERPTS OF APPELLANT**
_____

**F. CLINTON BRODEN**
**Broden & Mickelsen**
**2600 State Street**
**Dallas, TX 75204**
**(214)720-9552**
**(214) 720-9594 (facsimile)**
**clint@texascrimlaw.com**

**Attorney for Appellant**

# **TABLE OF CONTENTS**

| **Item** | **Document No.** | **ROA** | **Tab** |
|---|---|---|---|
| Docket Sheet | | ROA. 1-4 | 1 |
| Notice of Appeal | 21 | ROA. 290 | 2 |
| Order (March 24, 2022) | 1 | ROA. 5 | 3 |
| Order of Suspension (March 25,2022) | 2 | ROA. 6-7 | 4 |
| Show Cause Order (April 13, 2022) | 7 | ROA. 16-17 | 5 |
| Modified Order of Suspension (May 11, 2022) | 9 | ROA. 53 | 6 |
| Order Imposing Discipline (Oct. 25, 2022) | 20 | ROA. 284-289 | 7 |
| Clarifying Order (Nov. 21, 2022) | 23 | ROA. 293-294 | 8 |
| Clarifying Order (Dec. 14, 2022) | 26 | ROA. 299-301 | 9 |

# TAB 1

APPEAL,AT_DISCIPLINE,CLOSED,EXH-ADM

# U.S. District Court
# Northern District of Texas (Dallas)
# CIVIL DOCKET FOR CASE #: 3:22-mc-00022-N

In Re: David Finn
Assigned to: Judge David C Godbey
Case in other court:  USCA5, 22-11092
Cause: Civil Miscellaneous Case

Date Filed: 03/24/2022
Date Terminated: 10/25/2022

**In Re**

| | | |
|---|---|---|
| **David Finn** | represented by | **Robert L Webster** |
| | | Law Office of Robert L Webster |
| | | 7557 Rambler Road |
| | | Suite 525 |
| | | Dallas, TX 75231 |
| | | 469-758-4154 |
| | | Email: robert.webster@bobwebsterlaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Bar Status: Admitted/In Good Standing* |
| | | |
| | | **Brett Bonner Stalcup** |
| | | Law Offices of Brett Stalcup |
| | | 3615 N. Hall Street |
| | | Dallas, TX 75219 |
| | | 214-219-1000 |
| | | Fax: 214-219-1003 |
| | | Email: bstalcup@stalcuplaw.com |
| | | *TERMINATED: 07/26/2022* |
| | | *Bar Status: Admitted/In Good Standing* |
| | | |
| | | **David M Finn** |
| | | David Finn |
| | | 4015 Main Street |
| | | Suite 100 |
| | | Dallas, TX 75226 |
| | | 214-522-4500 |
| | | Email: judgefinn@davidfinn.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Bar Status: **NOT ELIGIBLE*** |

**Provider**

| | | |
|---|---|---|
| **Attorney** | represented by | **Michael P Heiskell** |
| *Appointed per [7] Order to assist the panel* | | Johnson Vaughn & Heiskell |
| | | 5601 Bridge St |
| | | Suite 220 |
| | | Fort Worth, TX 76112 |
| | | 817-457-2999 |

Fax: 817-496-1102
Email:
mheiskell@johnson-vaughn-heiskell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/24/2022 | 1 (p.5) | Order Re: Attorney Disciplinary Action as to David Finn. The Court convenes a three judge panel of this Court, chaired by Judge David Godbey, and also comprised of Judge Sam Lindsay and Judge Mark Pittman, to review various incidents involving the conduct of attorney David Finn, and if the panel concludes further action is warranted, to issue a notice for Mr. Finn to appear and show cause why he should not be disciplined by this Court. Cases Report for Internal Users accessible here. (Ordered by Chief Judge Barbara M. G. Lynn on 3/24/2022) (rekc) (Entered: 03/24/2022) |
| 03/25/2022 | 2 (p.6) | ORDER OF SUSPENSION as to David Finn: The undersigned, on behalf of all judges of the Northern District of Texas, suspends attorney David Finn from practicing before this Court. If Mr. Finn believes he is capable of complying in the future with the Court's rules and expectations, he may seek permission by written motion to the Chief Judge to resume practice in the Northern District of Texas. Cases Report for Internal Users accessible here. (Ordered by Chief Judge Barbara M. G. Lynn on 3/25/2022) (ctf) (Entered: 03/25/2022) |
| 03/29/2022 | 3 (p.8) | Correspondence addressed to Chief U.S. District Judge Barbara M. G. Lynn submitted by David Finn. (ctf) (Entered: 03/29/2022) |
| 03/29/2022 | 4 (p.12) | Correspondence addressed to David Finn. (Signed by Chief Judge Barbara M. G. Lynn on 3/29/2022) (ctf) (Entered: 03/29/2022) |
| 03/29/2022 | 5 (p.13) | Electronic correspondence re: Chief U.S. District Judge Barbara M. G. Lynn and David Finn. (ctf) (Entered: 03/29/2022) |
| 03/29/2022 | 6 (p.15) | Electronic correspondence addressed to David Finn from Chief U.S. District Judge Barbara M. G. Lynn. (ctf) (Entered: 03/29/2022) |
| 04/13/2022 | 7 (p.16) | ORDER before Lindsay, Godbey, and Pittman, District Judges: It is ORDERED that Michael P. Heiskell, Esquire, is appointed under N.D. Tex. Civ. R. 83.8(g) and N.D. Tex. Crim. R. 57.8(g) to assist the panel in this disciplinary matter. Mr. Heiskell is directed to investigate the conduct of David Finn. As soon as reasonably practical, Mr. Heiskell is directed to notify the panel and Mr. Finn in writing of his findings and whether he believes there are grounds for the panel to impose disciplinary action on Mr. Finn for all or some of the following: (1) conduct unbecoming a member of the Bar; (2) failure to comply with a rule or order of the court; (3) unethical behavior; and (4) inability to conduct litigation properly. After the panel reviews the notice, the panel may issue a show cause order specifying any questionable conduct for which it may impose discipline and will specify the procedures, if any, that it concludes are necessary under the circumstances. (Signed for the panel by Judge David C Godbey on 4/13/2022) (twd) (Entered: 04/13/2022) |
| 04/25/2022 | 8 (p.18) | MOTION for Reconsideration re 2 (p.6) Attorney Disciplinary Order, filed by David Finn. (Attachments: # 1 (p.5) Additional Page(s)) (oyh) (Entered: 04/26/2022) |
| 05/11/2022 | 9 (p.53) | |

| | | |
|---|---|---|
| | | MODIFIED ORDER OF SUSPENSION: On March 25, 2022, the undersigned, on behalf of all judges of the Northern District of Texas, suspended attorney David Finn from practicing before this Court. Pending, and without prejudice to any additional action by this Court, until further notice Mr. Finn will be permitted to practice before this Court, but only in cases where he is co-lead counsel with Robert Webster. This Order does not prohibit individual judges from taking action as they deem appropriate. (Ordered by Chief Judge Barbara M. G. Lynn on 5/11/2022) (ctf) (Entered: 05/11/2022) |
| 07/12/2022 | 10 (p.54) | Report of Independent Investigation into Alleged Misconduct of David Finn, Esq. filed by Attorney Michael P Heiskell (frw) (Entered: 07/12/2022) |
| 07/19/2022 | 11 (p.128) | SHOW CAUSE ORDER: Respondent Finn is ordered to appear before the Court on 8/9/2022 at 9:00 a.m. in Courtroom 1504, then and there to show cause, if there be any, why he should not be subject to discipline for the conduct described in the Report. Mr. Finn may, if he chooses, file a written response to the Report no later than 8/2/2022, at 5:00 p.m. (Ordered by Judge David C Godbey on 7/19/2022) (ygl) (Entered: 07/20/2022) |
| 07/26/2022 | 12 (p.129) | AGREED MOTION for Withdrawal of Counsel filed by David Finn. (ygl) (Entered: 07/27/2022) |
| 07/26/2022 | 13 (p.131) | ORDER granting 12 (p.129) Motion for Withdrawal of Counsel. (Ordered by Chief Judge Barbara M. G. Lynn on 7/26/2022) (ygl) (Entered: 07/27/2022) |
| 08/01/2022 | 14 (p.133) | RESPONSE filed by David Finn re: 11 (p.128) Order to Show Cause/Order to Answer. (Attachments: # 1 (p.5) Additional Page(s), # 2 (p.6) Additional Page(s), # 3 (p.8) Additional Page(s), # 4 (p.12) Additional Page(s)) (oyh) (Entered: 08/03/2022) |
| 08/04/2022 | 15 (p.276) | NOTICE of Attorney Appearance by Robert L Webster on behalf of David Finn. (axm) (Entered: 08/04/2022) |
| 08/11/2022 | 17 (p.277) | SUPPLEMENTAL SUBMISSION filed by David Finn. (axm) (Entered: 08/12/2022) |
| 10/03/2022 | 18 | (Document Restricted) Notice of Filing of SEALED Electronic Transcript of Show cause hearing Proceedings held on 8-9-2022 before Judge Godbey, Lindsay, Pittman. Court Reporter/Transcriber Jeff Foster, Telephone number 214-753-2349. (83 pages) (jlf) (Entered: 10/03/2022) |
| 10/05/2022 | 19 (p.280) | (Document Restricted) Second Supplemental Submission filed by David Finn. (ndt) (Entered: 10/06/2022) |
| 10/25/2022 | 20 (p.284) | Order Re: Attorney Disciplinary Action as to David Finn. It is, therefore, ordered that Mr. Finn is indefinitely suspended from the practice of law before this Court. Cases Report for Internal Users accessible here. (Ordered by Chief District Judge David C Godbey on 10/25/2022) (frw) (Entered: 10/25/2022) |
| 10/28/2022 | 21 (p.290) | NOTICE OF APPEAL as to 20 (p.284) Attorney Disciplinary Order to the Fifth Circuit by David Finn. Filing fee $505, receipt number 300001953. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF |

| | | |
|---|---|---|
| | | Users. See detailed instructions <u>here</u>. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (axm) (Entered: 10/31/2022) |
| 11/08/2022 | | Transmission of Notice of Appeal and Docket Sheet re <u>21 (p.290)</u> Notice of Appeal. (svc) (Entered: 11/08/2022) |
| 11/15/2022 | | USCA Case Number 22-11092 in USCA5 for <u>21 (p.290)</u> Notice of Appeal filed by David Finn. (svc) (Entered: 11/15/2022) |
| 11/17/2022 | <u>22 (p.291)</u> | Request for Clarification filed by David Finn. (axm) (Entered: 11/18/2022) |
| 11/21/2022 | <u>23 (p.293)</u> | ORDER re: <u>20 (p.284)</u> Request for Clarification. Mr. Finn has filed a notice of appeal of the Order and inquires whether the stay language means he may now represent clients without restriction. It does not. Additionally, it appears to the Panel that the reasons for initially sealing the case probably no longer apply, at least with respect to the Report of Independent Investigation into Alleged Misconduct of David Finn, Esq. <u>10 (p.54)</u> and the Order. If Mr. Finn objects to unsealing those two documents, he should file an objection in writing by 12/2/2022. (Ordered by Chief District Judge David C Godbey on 11/21/2022) (axm) (Entered: 11/21/2022) |
| 11/23/2022 | <u>24 (p.295)</u> | OBJECTION TO UNSEALING filed by David Finn re: <u>23 (p.293)</u> Order. (axm) (Entered: 11/25/2022) |
| 11/23/2022 | <u>25 (p.298)</u> | Second Request for Clarification filed by David Finn. (axm) (Entered: 11/25/2022) |
| 12/14/2022 | <u>26 (p.299)</u> | ORDER re: <u>25 (p.298)</u> Second Request for Clarification. Mr. Finn was suspended by the Order on 10/25/2022. The suspension was stayed three days later when Mr. Finn filed his notice of appeal. Thus, upon termination of the appeal, assuming the Order is not vacated, the one year period will have 362 days remaining. The Panel will not further clarify its Order. <u>The Panel directs the Clerk of Court to unseal the Report 10 (p.54) , the Order 20 (p.284) , and this Order effective 1/13/2023, unless this Order is stayed by the Court of Appeals.</u> The Panel further orders that all future filings in this matter be public unless the Panel orders that a specific instrument be sealed. (Ordered by Chief District Judge David C Godbey on 12/14/2022) (axm) (Entered: 12/14/2022) |

# TAB 2

SEALED

ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS** 2022 OCT 28  PM 2: 12
**DALLAS DIVISION**

DEPUTY CLERK__MS

IN RE: DAVID FINN          §          Misc. Action No. 3:22-MC-22-N
                           UNDER SEAL

## NOTICE OF APPEAL

Notice is hereby given that David Finn, a member of this Court's bar, in the

above- named cause, hereby appeals to the United States Court of Appeals for the Fifth

Circuit from the Order Imposing Discipline entered in this action on the 25th day of

October, 2022.

DATED:  October 27, 2022.

Respectfully submitted,

Robert L. Webster
Texas Bar No. 2153375
7557 Rambler Road, Suite 525
Dallas, TX  75231
Telephone: (469)758-4150
robert.webster@bobwebsterlaw.com

Defendant's Notice of Appeal
Solo Page

**TAB 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE:  DAVID FINN          §          No. 3:22-mc-22
**FILED UNDER SEAL**

### ORDER

The Court convenes a three judge panel of this Court, chaired by Judge
David Godbey, and also comprised of Judge Sam Lindsay and Judge Mark
Pittman, to review various incidents involving the conduct of attorney David
Finn, and if the panel concludes further action is warranted, to issue a notice for
Mr. Finn to appear and show cause why he should not be disciplined by this
Court.  *See* N.D. Tex. Crim. 57.8(b); *In re Adams*, 2020 WL 4922330 (N.D. Tex. Aug.
20, 2020) (three-judge panel).

SO ORDERED this 24th day of March, 2022.

BARBARA M. G. LYNN
CHIEF JUDGE

22-11092.5

# TAB 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE:  DAVID FINN              §         No. 3:22-mc-22
                                          **FILED UNDER SEAL**

## <u>ORDER OF SUSPENSION</u>

The undersigned, on behalf of all judges of the Northern District of Texas,

suspends attorney David Finn from practicing before this Court.  In addition to

other misconduct that may warrant discipline, Mr. Finn has failed twice to appear

for a sentencing of his client, Lemont Norwood, without notifying the

undersigned in advance of his unavailability and, according to Mr. Norwood,

without Mr. Finn having any conversations with Mr. Norwood about Mr. Finn's

unavailability.  Mr. Norwood expressed a desire to proceed with sentencing,

despite Mr. Finn's absence, but the undersigned could not do so with Mr. Finn

still counsel of record.  The undersigned attempted unsuccessfully to reach Mr.

Finn on his cell and office numbers during and long after the second scheduled

hearing.  Significantly after the time of the scheduled hearing, Mr. Finn left a

message with the courtroom deputy advising that he was hospitalized in a place

where he could make only call per day, for "detox" and other issues.  Despite this

statement, Mr. Finn left a second message later in the day about his

hospitalization.  On March 25, Mr. Finn left a message for the undersigned that

he had been discharged from the hospital.  The undersigned regards Mr. Finn's

22-11092.6

inattention to the Court and his client as fundamentally inconsistent with his duties to both, necessitating emergency relief.

If Mr. Finn believes he is capable of complying in the future with the Court's rules and expectations, he may seek permission by written motion to the Chief Judge to resume practice in the Northern District of Texas. Meanwhile, Mr. Finn is obligated to notify all of his clients who have cases pending in the Northern District of Texas, and opposing counsel and co-counsel in each of those cases, of the contents of this Order.

SO ORDERED this 25th day of March, 2022.

BARBARA M. G. LYNN
CHIEF JUDGE

22-11092.7

# TAB 5

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE: DAVID FINN                    §              Misc. Action No. 3:22-MC-22-N

## ORDER

Before Lindsay, Godbey, and Pittman, District Judges:

By Order dated March 24, 2022, Chief Judge Lynn constituted this panel to investigate whether disciplinary action is appropriate against David Finn, a member of this Court's bar.  It is ORDERED that Michael P. Heiskell, Esquire, is hereby appointed under N.D. Tex. Civ. R. 83.8(g) and N.D. Tex. Crim. R. 57.8(g) to assist the panel in this disciplinary matter.

Mr. Heiskell is directed to investigate the conduct of David Finn.  As soon as reasonably practical, Mr. Heiskell is directed to notify the panel and Mr. Finn in writing of his findings and whether he believes there are grounds for the panel to impose disciplinary action on Mr. Finn for all or some of the following: (1) conduct unbecoming a member of the Bar; (2) failure to comply with a rule or order of the court; (3) unethical behavior; and (4) inability to conduct litigation properly.

After the panel reviews the notice, the panel may issue a show cause order specifying any questionable conduct for which it may impose discipline and will specify the procedures, if any, that it concludes are necessary under the circumstances.

SO ORDERED.

ORDER – PAGE 1

Signed April 13, 2022, for the panel by:

David C. Godbey
United States District Judge

ORDER – PAGE 2

# TAB 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE:  DAVID FINN              §         No. 3:22-mc-22
                                          **FILED UNDER SEAL**

## <u>MODIFIED ORDER OF SUSPENSION</u>

On March 25, 2022, the undersigned, on behalf of all judges of the

Northern District of Texas, suspended attorney David Finn from practicing

before this Court.  Pending, and without prejudice to any additional action by this

Court, until further notice Mr. Finn will be permitted to practice before this

Court, but only in cases where he is co-lead counsel with Robert Webster.  This

Order does not prohibit individual judges from taking action as they deem

appropriate.

SO ORDERED this 11th day of May, 2022.

_____
BARBARA M. G. LYNN
CHIEF JUDGE

1

# TAB 7

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE: DAVID FINN                    §              Misc. Action No. 3:22-MC-22-N

## ORDER IMPOSING DISCIPLINE

Before Godbey, Chief Judge, and Lindsay and Pittman, District Judges:

PER CURIAM

By Order dated March 24, 2022, Chief Judge Lynn convened this Panel to review various incidents involving David Finn, a member of this Court's bar [1].[1]  By Order dated April 13, 2022, the Panel appointed Michael P. Heiskell, Esq. to assist the Panel in its investigation [7].  *See* Loc. Crim. R. 57.8(g).  On June 14, 2022, Mr. Heiskell submitted his Report of Independent Investigation into Alleged Misconduct of David Finn, Esq. [10] (the "Report").  Based on that Report, on July 19, 2022, the Panel issued a show cause order directing Mr. Finn to appear and show cause why he should not be subject to discipline [11].  On August 9, 2022, pursuant to the show cause order, Mr. Finn appeared in person and through counsel, and the Panel held an evidentiary hearing and entertained argument regarding whether Mr. Finn should be disciplined (the "Hearing").  *See* Hearing Tr. [18].  Based on the record at the evidentiary hearing, the Panel finds that discipline of Mr. Finn is required, as discussed below.

Mr. Finn, through counsel, raises two challenges to the authority of this Panel to impose discipline.  First, he says that the Court's Local Rules do not provide for convening

---

[1] Bracketed numbers refer to CM-ECF docket numbers.

ORDER IMPOSING DISCIPLINE – PAGE 1

a three-judge panel in disciplinary matters.[2]   While true, the Local Rules also do not prohibit a three-judge panel, and that has been this Court's long practice.  *See, e.g.*, *In re Adams*, 2020 WL 4922330 (N.D. Tex. 2020).  It has the added benefit of not placing an attorney's fate in the hands of the offended judicial officer.  Finally, Mr. Finn can show no prejudice by virtue of this matter proceeding before a three-judge panel.

Second, Mr. Finn argues that this Court waited too long to impose discipline.  But Mr. Finn cites no statute of limitations for disciplinary proceedings, and the Court is unaware of any.[3]   In any event, the misconduct cited in the Report primarily took place within two years of the Order appointing this Panel to investigate Mr. Finn's conduct.  Moreover, Mr. Finn offered no evidence of any prejudice to him as a consequence of any delay, and the Panel finds there is no such prejudice.  Finally, Mr. Finn's argument would mean, perversely, that because the Court stayed its hand in hopes that Mr. Finn's conduct would improve, its mercy would then prevent it from imposing discipline when Mr. Finn continued his misbehavior.  The Panel does not believe such a result is required and holds that it has the authority to impose discipline on Mr. Finn.

The Panel adopts the factual findings of the Report as its factual determinations in connection with discipline of Mr. Finn.  First, the Report itself was admitted into evidence without objection at the Hearing.  Second, Mr. Finn does not contest the factual content of

---

[2] The Local Rules expressly provide for a three-judge panel in reciprocal disciplinary matters.  *See* Loc. Civ. R. 83.8(h)(3); Loc. Crim. R. 57.8(h)(3).
[3] The state rules provide a four-year limitations period.  *See* TEX. R. DISC. P. 17.06.

ORDER IMPOSING DISCIPLINE – PAGE 2

the Report.  Third, Mr. Finn offered no evidence contesting the factual content of the Report at the hearing.

Based on the Report, the Panel finds by clear and convincing evidence that Mr. Finn committed misconduct as follows: (1) conduct unbecoming a member of the Bar; (2) failure to comply with a rule or order of the court; (3) unethical behavior; and (4) inability to conduct litigation properly, all in violation of Local Criminal Rule 57.8(b)(1) – (4).[4]

The Panel now turns to the appropriate sanction.  "As a general rule, 'the sanctioning court must use the least restrictive sanction necessary to deter the inappropriate behavior.'" *In re Luttrell*, 749 F. App'x 281, 286 (5th Cir. 2018) (quoting *In re First City Bancorporation of Tex. Inc.*, 282 F.3d 864, 867 (5th Cir. 2002)).  "In imposing a sanction after a finding of misconduct, a court should consider the duty violated, the attorney's mental state, the actual or potential injury caused by the attorney's misconduct, and the existence of aggravating or mitigating factors."  *In re Sealed Appellant*, 194 F.3d 666, 673 (5th Cir. 1999) (citing ABA Standard for Imposing Lawyer Sanctions (ABA Standard) 3.0; *In re Quaid*, 646 So.2d 343, 350 (La. 1994) (citing ABA Standard 3.0)).[5]

Here, the Panel notes that the Court has previously tried a lesser sanction – Judges Fitzwater, Boyle, and Scholer delivered what amounted to a private reprimand to Mr. Finn

---

[4] An express finding of bad faith is unnecessary when the Panel is proceeding under the local rules.  *See In re Luttrell*, 749 F. App'x 281, 286 (5th Cir. 2018) ("[W]hile a district court must make a specific bad-faith finding when relying on its inherent sanctioning authority, it does not have to do so when acting under its local rules.") (citing *In re Goode*, 821 F.3d 553, 559 (5th Cir. 2016)).

[5] The Panel acknowledges and appreciates Mr. Finn's efforts at rehabilitation.  They did appear to primarily take place after the Order appointing this Panel.

ORDER IMPOSING DISCIPLINE – PAGE 3

on or about June 25, 2020, for his inappropriate behavior at a guilty plea before Magistrate Judge Toliver.  *See* Report at 3.  Although that appears to have improved Mr. Finn's conduct for a while, he eventually reverted.

Another factor important to this Panel is that Mr. Finn's pattern of misconduct has persisted over some time.  He has shown that he can attain periods of sobriety in which his behavior improves, but he has not been able to maintain that sobriety.  He has even appeared before the Court while under the influence.  *See* Report at 4-5, 9.  When asked by the Panel what reasonable assurance he could give that he would be unlikely to relapse again, he forthrightly admitted he could provide no such reasonable assurance.  *See generally* Tr. at 67:3 – 71:3; *id.* at 68:6-7 ("[T]here's no way I can make that promise [to never touch alcohol again] in good conscience"); *id.* at 70:21-22 ("I wish I could give that [reasonable assurance] to you.  I simply can't.").[6]

Another concern for the Panel is Mr. Finn's apparent lack of contrition.  When given an opportunity to address the Panel, Mr. Finn stated that his two greatest strengths as a lawyer were his lack of fear and his ability to read an audience, such as a jury venire.  *See* Transcript at 59:6-12.  The overall thrust of his defense was that this time around, his new enhanced regimen of sobriety would ensure his conduct going forward would be better.  *Id.*

---

[6] The Panel accepts that Mr. Finn's misconduct is attributable in significant part to substance abuse issues, which the Panel understands to be more like a chronic illness than a moral failing.  Whether this is a mitigating factor is not so clear.  The Panel understands this to be a condition that cannot be cured, but only brought into remission.  Mr. Finn's explanation of the cause of his substance abuse is indeed sad, but it does not alter the fact that his substance abuse impairs his ability to practice law.  An attorney with a physical impairment that prevented him from being able to practice would not be permitted to practice anyway because it was just the result of his physical impairment.

ORDER IMPOSING DISCIPLINE – PAGE 4

at 14:3-5, 28:24 – 29:1.  While the Panel has no desire for histrionic pleas for mercy, some acknowledgement of the gravity of the situation would seem appropriate.

Mr. Finn's conduct has involved being disrespectful to multiple members of the Court, making inappropriate communications with court chambers staff,[7] being physically threatening and abusive to Court Security Officers, and being a danger to his own clients. Accordingly, permitting Mr. Finn to continue to practice before this Court would endanger the solemnity of Court proceedings, Court staff, and the public.  Therefore, the Panel finds that it must suspend Mr. Finn from practicing before this Court.[8]

To some degree the duration of the suspension is up to Mr. Finn.  Because of his patterns of previous relapses and his inability to reassure the Panel with some degree of certainty that this time is really different, the Panel finds that a minimum suspension of one year is necessary to protect the public and the Court from the risk of another relapse.  If Mr. Finn can maintain his sobriety during that period, the Court believes that the risk of any future danger to the public and the Court will be substantially reduced.

It is, therefore, ordered that Mr. Finn is indefinitely suspended from the practice of law before this Court.  It is further ordered that Mr. Finn may reapply to this Panel to resume his practice before this Court after one year of suspension, provided that such application must include evidence of continued sobriety during the period of suspension as

---

[7] *See* Report Ex. B; *cf. In re Moity*, 320 F. App'x 244, 245-46 (5th Cir. 2009) (affirming one year suspension imposed in part for lawyer's inappropriate communications to chambers staff when inquiring about his failure to appear at scheduled conference).
[8] The Panel also finds this sanction to be appropriate as a punishment for the conduct described in the Report.  Actions must have consequences.

ORDER IMPOSING DISCIPLINE – PAGE 5

well as an assessment by a duly licensed psychiatrist or psychologist reflecting that Mr.

Finn is fit to practice law.[9]  It is further ordered that if Mr. Finn appeals this order, the

suspension is stayed pending termination of the appeal.

The Panel wishes Mr. Finn well in his efforts at rehabilitation.

SO ORDERED.


Signed October 25, 2022, for the Panel by:


David C. Godbey
Chief United States District Judge

---

[9] Mr. Finn may make such application before one year for reinstatement on or after one year.

ORDER IMPOSING DISCIPLINE – PAGE 6

# TAB 8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE: DAVID FINN                    §          Misc. Action No. 3:22-MC-22-N

**<u>ORDER</u>**

Before Godbey, Chief Judge, and Lindsay and Pittman, District Judges:

PER CURIAM

This Order addresses Mr. Finn's request for clarification [22] of the Panel's Order Imposing Discipline (the "Order") [20]. That Order provides in pertinent part: "It is further ordered that if Mr. Finn appeals this order, the suspension is stayed pending termination of the appeal." Order at 6. Mr. Finn has filed a notice of appeal of the Order and inquires whether the stay language means he may now represent clients without restriction. It does not.

The only effect of the stay is to stay the Order itself. Mr. Finn reverts to the restrictions on his practice that were in place immediately before the Order.

Additionally, it appears to the Panel that the reasons for initially sealing the case probably no longer apply, at least with respect to the Report of Independent Investigation into Alleged Misconduct of David Finn, Esq. [10] and the Order. If Mr. Finn objects to unsealing those two documents, he should file an objection in writing by Friday, December 2, 2022, by 5:00 p.m.

ORDER – PAGE 1

Signed November 21, 2022, for the Panel by:

_____
David C. Godbey
Chief United States District Judge

ORDER – PAGE 2

# TAB 9

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE: DAVID FINN                    §          Misc. Action No. 3:22-MC-22-N

**<u>ORDER</u>**

Before Godbey, Chief Judge, and Lindsay and Pittman, District Judges:

PER CURIAM

 This Order addresses Mr. Finn's second request for clarification [25] of the Panel's October 25, 2022 Order Imposing Discipline (the "Order") [20].  That Order suspended Mr. Finn from this Court's bar indefinitely and permits him to reapply for admission after one year of suspension.  Order at 5-6.  That Order also provides: "It is further ordered that if Mr. Finn appeals this order, the suspension is stayed pending termination of the appeal." Order at 6.  Mr. Finn filed a notice of appeal of the Order on October 28, 2022.

 The Court previously clarified that the only effect of the stay is to stay the Order itself.  During the pendency of the appeal, Mr. Finn reverts to the restrictions on his practice that were in place immediately before the Order.

 Mr. Finn now inquires whether the one year period after which he may reapply began running from March 25, 2022, the date of the original limitations on Mr. Finn's practice.  It does not.

 Mr. Finn was suspended by the Order on October 25, 2022.  The suspension was stayed three days later when Mr. Finn filed his notice of appeal.  Thus, upon termination of the appeal, assuming the Order is not vacated, the one year period will have 362 days remaining.  The Panel will not further clarify its Order.

ORDER – PAGE 1

In its earlier Order of clarification [23], the Panel sua sponte raised the issue of unsealing the Report of Independent Investigation into Alleged Misconduct of David Finn, Esq. (the "Report") [10] and the Order.  Mr. Finn objects to unsealing those two documents because they disclose confidential health information [24].

Court records are presumptively public.  *See generally June Medical Services L.L.C. v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022).  The greater the public interest in the subject matter, the harder it is to justify sealing.  *Id.*  The Panel acknowledges the sensitive nature of some of the information disclosed in Mr. Finn's filings.  *See* Docket Nos. 3, 8, 14, and 17, and their attachments.  The Panel agrees that those documents should remain under seal.

However, when it comes to the actual imposition of discipline of a member of this Court's bar, and the reasons for discipline as reflected in the Report, the Panel is of the opinion that the balance there tips in favor of public access.  First, as a general matter any order of any court is of public interest; courts should conduct their business in public.  Second, disciplinary orders are of public interest.  They show the public that the legal system is policing itself.  They also serve as guideposts to the bar, delineating righteous conduct from sanctionable conduct.  Third, the fact that a particular lawyer has been disciplined is of public interest.  It may prompt members of the public to forego that attorney's services.  Making public the fact that a particular attorney has been disciplined and the reasons why is itself part of the discipline, and it increases the deterrent effect of the discipline for other attorneys.  Finally, the Order and the Report disclose minimal amounts of confidential medical information.

ORDER – PAGE 2

Accordingly, the Panel directs the Clerk of Court to unseal the Report [10], the Order [20], and this Order effective January 13, 2023, unless this Order is stayed by the Court of Appeals.[1]  The Panel further orders that all future filings in this matter be public unless the Panel orders that a specific instrument be sealed.

Signed December 14, 2022, for the Panel by:

David C. Godbey
Chief United States District Judge

---

[1] The Court limits its Order to those two documents because it did not give Mr. Finn notice that it would consider unsealing any other documents.

ORDER – PAGE 3