

**United States District Court**

Chambers of
DAVID C. GODBEY
Chief Judge

Northern District of Texas
1100 Commerce Street, Room 1504
Dallas, Texas 75242

214.753.2700

May 25, 2023

Court of Appeals for the Fifth Circuit
c/o Lyle W. Cayce, Clerk

<u>VIA EMAIL</u>

Re:   In re Sealed Appellant
      No. 22-11092
      USDC No. 3:22-MC-22

To the Honorable Court of Appeals:

      I write on behalf of myself and Judges Lindsay and Pittman (the "Panel"). We offer these brief observations in accordance with the directive of the Court dated May 15, 2023.

      The Panel's reasoning is adequately set forth in its Order Imposing Discipline of October 25, 2022, and the incorporated Heiskell Report. We write to clarify certain matters and omissions in the Brief of Appellant ("Brief").

      1.    The Brief omits any mention of the standard of review. The Court of Appeals "review[s] *de novo* whether an attorney's conduct is subject to sanction. A district court's imposition of a particular sanction is reviewed for an abuse of discretion." *In re Sealed Appellant*, 194 F.3d 666, 670 (5th Cir. 1999) (footnotes omitted).

      2.    The cases cited in the Brief for the proposition that a district court must "scrupulously" follow its own disciplinary rules all involve instances where the district court afforded *less* due process than required by its local rules. *See Matter of Thalheim*, 853 F.2d 383, 387-88 (5th Cir. 1988) (failure to afford required recommendation of panel of attorneys); *In re Andry*, 921 F.3d 211, 214-15 (5th Cir. 2019) (failure to afford required hearing). Here then-Chief Judge Lynn's Order constituting the Panel gave Mr. Finn *more* due process than required by the local rules. Mr. Finn cites no case finding error for providing *more* due process than required by local rules, and the Panel is aware of no such case. The local rules are a floor, not a ceiling.

      3.    Mr. Finn does not, and could not, argue that he was prejudiced in any way by proceeding before a three-judge panel.

In re Sealed Appellant
No. 22-11092
Page 2

4.  While the Northern District of Texas local rules do not require a three-judge panel, they likewise do not prohibit one. *See* L. Crim. R. 57.8(b). It is a reasonable interpretation of that rule that it permits affording a respondent attorney greater due process by convening a three-judge panel. *See In re Andry*, 921 F.3d at 214 (Court of Appeals "must defer to reasonable interpretations by the district court of its rules . . . .")

5.  Mr. Finn's curious position, *see* Brief at 16-17, that a presiding judge may restrict an attorney's ability to practice only before that individual judge, and not before any other member of the court, is not supported by the language of the local rules. Rather, the rule provides that the presiding judge "may take any appropriate disciplinary action . . . ." L. Crim. R. 57.8(b).

6.  Mr. Finn's position is particularly impractical when, as here, the gravamen is the course of repeated misconduct before multiple judges, rather than any single event before a single judge, as serious as they may be individually. It would also make it near-impossible for the court to police misconduct such as Mr. Finn's directed to Court Security Officers in common areas of the courthouse, rather than any individual judge's courtroom.

7.  The suspension imposed is not "effectively 17 months." *See* Brief at 19. For the bulk of Judge Lynn's emergency interim suspension, and during the pendency of this appeal, Mr. Finn has continued to practice in the Northern District of Texas, albeit with limitations. In fact, he appeared before the undersigned for a sentencing hearing on May 15, 2023.

8.  Finally, Ms. Adams is not a good comparator for Mr. Finn, though her conduct was egregious. *See In re Adams*, 2020 WL 4923330, at *1 (N.D Tex. Aug. 20, 2020). First, unlike Ms. Adams, Mr. Finn had received prior discipline – essentially a private reprimand, which unfortunately did not have the desired effect, as reflected by his subsequent conduct. Second, Mr. Finn's conduct toward Court Security Officer ("CSO") Dunn, though not prosecuted, was arguably criminal. *See* Tex. Penal Code Ann. § 22.01(a)(3) (offensive touching). Third, Ms. Adams did not engage in the "in-your-face" aggressive conduct that Mr. Finn did toward CSO Ray ("I'm Irish, a boxer, and do I look afraid of you?").

In re Sealed Appellant
No. 22-11092
Page 3

    The Panel appreciates the opportunity to provide the Court of Appeals with these observations and hopes they are useful to the Court.

For the Panel,

David C. Godbey
Chief District Judge

cc:     F. Clinton Broden